■ ADELE SPEARE, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 44743.) — *Per Curiam.* Appeals by claimant from (1) an order of the Court of Claims entered April 3, 1967 which denied her motion to obtain discovery and (2) an order of said court entered April 4, 1967 which granted defendant's cross motion to dismiss the claim. Claimant seeks to appeal, also, by the same notice of appeal, from an order of said court entered April 9, 1964 which dismissed a prior claim for the same relief; that purported appeal being clearly untimely. The claim is for damages allegedly sustained by claimant by reason of "an unlawful ministerial act by the State Liquor Authority resulting in the illegal cancellation of claimant's Restaurant Liquor License"; the claim further alleging that the name of claimant's husband was required by the Authority to be added to the license, although he had no financial interest in the business, with the result that the license was cancelled on December 5, 1961, by reason of the husband's conviction of a felony. Claimant first sought relief by her claim verified December 11, 1963 and her application for permission for late filing thereof, which was denied by order entered April 9, 1964, without prejudice to the filing of a claim within 90 days after the entry of a judgment in favor of claimant in her article 78 proceeding then pending in the Appellate Division,

First Department, brought against the State Liquor Authority to review and annul its determination cancelling said license. By order of October 13, 1964, the Appellate Division dismissed that proceeding; and claimant promptly filed a new claim for damages, the claim being verified January 7, 1965 and alleging, among other things, that the Appellate Division's order of dismissal was granted for failure to prosecute and not upon the merits and that claimant "has no further remedies available to review the action of the State Liquor Authority." In seeking to sustain the Court of Claims' order of dismissal, the State asserts that the claim is insufficient in law in that (1) the Authority's request that claimant's husband become a coapplicant and colicensee was properly made as part of the licensing process, which the State contends is not ministerial, as asserted by claimant, but administrative and discretionary; (2) the cancellation was accomplished by the statutory administrative process of notice, hearing and determination and thus in pursuance of a quasi-judicial responsibility and that the State is not liable for errors in the exercise of that function; (3) the issuance and cancellation of liquor licenses is exclusively a function of government, in respect of which the State has not waived its sovereign immunity from liability; (4) that claimant's voluntary compliance with the Authority's request that her husband join in the application estops her from now complaining thereof; and (5) the proximate cause of the cancellation was the husband's felony conviction and not the fact of his joinder in the application. Additionally, the State objects that the Court of Claims does not have jurisdiction of the claim; because claimant's only remedy was by way of the article 78 proceeding, which was dismissed; no authority existed for entertaining a motion to file a late claim accruing more than two years after the license cancellation but, in any event, no reasonable basis for filing a late claim was demonstrated; and, whether or not the dismissal order was properly made without prejudice to the filing of a claim after a determination of the article 78 proceeding favorably to claimant, that prerequisite has not been fulfilled. We have outlined the parties' positions at some length, although consideration of all of the State's contentions is not necessary (and we do not reach the merits) to indicate that the basis of the claim is highly tenuous at best, and that, quite aside from any of the strong substantive grounds advanced by the State, the order granting the cross motion must be sustained as a proper dismissal of a claim untimely filed; and, to the extent that the order may implicitly recognize that no basis has been demonstrated for permission for a late filing, pursuant to the 1964 order or otherwise, the exercise of the court's discretion in that respect must also be sustained. Orders affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum *Per Curiam.*